IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANDREA RENEA PEGG                                                                PLAINTIFF

v.                                              CIVIL ACTION NO. 1:23-CV-81-SA-RP

M1 SUPPORT SERVICES, LP;
IUE-CWA COMMUNICATION WORKERS OF AMERICA; and
IUE-CWA LOCAL 83770                                          DEFENDANTS

### ORDER

Now before the Court is the Defendant, M1 Support Services, LP's, Motion *in Limine* [140], wherein it seeks a pretrial ruling in its favor on various potential evidentiary issues. The Plaintiff, Andrea Renea Pegg, has responded to the Motion [140]. Having considered the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

### *Standard*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)) (additional citations omitted). "Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Harkness*, 2015 WL 631512 at *1 (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)). To that end, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted). "Motions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility

of prejudice if raised in a contemporaneous objection." *Id*. (quoting *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008)).

*Analysis*

In its Motion [140], M1 raises eight separate evidentiary issues. The Court will address them separately.

I. *First Request*

First, M1 seeks exclusion of "all factual allegations relating to matters prior to the first safety of flight issue that occurred in March of 2024 and for which Plaintiff was disciplined in April of 2024." [141] at p. 3. M1 takes the position that the sole issue before the jury is whether M1 breached the collective bargaining agreement ("CBA") when it terminated Pegg's employment and that events that occurred prior to the first of the two disciplinary actions that ultimately led to her termination are simply irrelevant. As M1 phrases it, this lawsuit "is not one for discrimination, harassment or retaliation, and there is no[] need for any pretext analysis that could accompany those claims." *Id*.

The Court finds this request far too broad to be resolved at this stage. Although some of this evidence may very well ultimately be inadmissible, such a far-reaching conclusion at this juncture without proper context is improper, as the Court certainly cannot conclude that all such evidence is "clearly inadmissible on all potential grounds." *Harkness*, 2015 WL 631512 at *1.

The request is denied.

II. *Second Request*

M1's second request is that Pegg be excluded from presenting evidence "of an alleged bias on the part of Melody Beard and/or Denise Richardson . . . because any slim probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury,

2

unduly delaying the trial and/or wasting the time of this Court and the jury[.]" [141] at p. 7-8. On this point, M1 states in conclusory fashion that "comments made by Beard are impermissible hearsay." *Id*. at p. 8. Lastly, M1 argues that Pegg should not be permitted to reference "any alleged 'prior bad acts' on the part of Beard and/or Richardson[.]" *Id*. at p. 9.

This request is without merit. One of Pegg's main theories of this case is that Beard and/or Richardson disliked her and that their hostility impacted the decisions they made as it pertains to Pegg's employment. In other words, Pegg contends that the error for which she was ultimately terminated was not her responsibility and that the Defendants' hostility toward her is the reason the blame was placed on her. This is not a matter for the Court to resolve at the motion *in limine* stage. *See Harkness*, 2015 WL 631512 at *1. Additionally, as to any comments that Beard made and any alleged prior bad acts of Beard and/or Richardson, M1 has not identified the *specific* pieces of evidence which it seeks to exclude. The Court therefore lacks sufficient information to resolve the matter at this time.

This request is denied.

### III. Third Request

M1's third request is that the Court exclude all evidence concerning the discipline of any other employees under the CBA. M1 avers that any such evidence is irrelevant as to whether M1 had just cause for Pegg's termination. Relying on the Federal Rule of Evidence 403 balancing test, M1 contends that the evidence must be excluded. In opposition, Pegg asserts that "[i]f testimony shows that other employees engaged in conduct similar or identical to Plaintiff's and Plaintiff was terminated while other employees were not disciplined, this evidence would be extremely probative to a jury's finding of just cause." [146] at p. 5.

At this stage, the Court lacks sufficient information to issue a definitive ruling. For instance, the Court has not been made aware of any *specific* employees and/or *specific* conduct in which those employees may have engaged. While the Court is cognizant of M1's argument and recognizes that some evidence on this point may ultimately be inadmissible, the Court cannot resolve that issue at this time without further context. *King*, 2017 WL 532284 at *1.

The request is denied.

IV.     *Fourth Request*

In its fourth request, M1 argues that "any testimony and/or documentation of any non-wage and benefit injury, including any alleged emotional injury, is wholly unrelated to the issues to be resolved by the jury." [141] at p. 10. To support this argument, M1 notes that if Pegg had arbitrated her claim, the CBA expressly limited any monetary award to "the actual net wage loss experienced by the grievant, less such other compensation, including wages, commissions, worker's compensation, and unemployment compensation, as the grievant may have received or which may be due to the grievant for the award period." [122], Ex. 1 at p. 50. Therefore, according to M1, Pegg should be precluded from putting on proof of these damages.

In response, Pegg contends that M1's argument such have been raised in the context of summary judgment—not a motion *in limine*. She also contends that the damages available to her are those customarily available in a breach of contract case.

The Court defers ruling on this issue. On the one hand, the CBA specifically limits the damages to which Pegg would have been entitled if the case had proceeded to arbitration and it was not M1's decision to deny Pegg's request to arbitrate. On the other hand, the case did not proceed to arbitration because, at least according to Pegg, the Unions breached their duty to fairly represent her.

The Court will take up this issue at trial and directs the parties to have case law supporting their respective positions on hand at that time.

V.    *Fifth Request*

Next, M1 argues that Pegg and any witness who testifies on her behalf should be precluded from using the term "retaliation" or testifying that Beard had a "vendetta" against Pegg because those terms "constitute impermissible legal conclusions." [141] at p. 12. The Court disagrees. Although there may be a scenario where such terms might constitute a legal conclusion, the Court cannot resolve that issue in the abstract. *See King*, 2017 WL 532284 at *1. Context is critical, and the Court will resolve the issue when it arises at trial.

VI.    *Remaining Requests*

M1's sixth, seventh, and eights requests can be resolved rather easily. Her sixth request seeks a ruling that lay witnesses not be permitted to provide medical opinions. Her seventh request seeks exclusion of any settlement negotiations pursuant to Federal Rule of Evidence 408. And in the eighth request, M1 argues that "Plaintiff's counsel should be prohibited from referencing that this Motion was filed or that Defendant has in any manner attempted to limit or restrict the presentation of evidence in this case." [141] at p. 13.

Candidly, none of these requests needed to be filed, as "the purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence[.]" *Equal Employment Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 575 (N.D. Miss. 2021) (citation omitted). Nonetheless, the Court grants the requests and the subject evidence will be excluded.

5

*Conclusion*

For the reasons set forth above, M1's Motion *in Limine* [140] is GRANTED IN PART and DENIED IN PART. As noted previously, counsel shall be prepared to address the issue of damages at the appropriate time at trial.

SO ORDERED, this the 30th day of September, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE